IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LITWACK and ANITA LITWACK, individuals<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN PROGRESSIVE LIFE & HEALTH INSURANCE COMPANY OF NEW YORK, a Corporation, Does 1-20,<br><br>Defendants / | No. C 11-2547 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant American Progressive Life & Health Insurance Company of New York's ("American") motion, filed and served June 28, 2011, to dismiss the action for lack of personal jurisdiction. Plaintiffs Jack Litwack and Anita Litwack (collectively, the "Litwacks") have not filed opposition.[1]

Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for August 5, 2011, and, for the reasons stated in the moving papers, GRANTS American's motion. In particular, the Court finds the Litwacks have not met their "burden of

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than July 12, 2011. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 14 days after motion is served and filed).

demonstrating that jurisdiction is appropriate," Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

First, American has demonstrated, by uncontested evidence, it is a New York corporation, that it has no office, employees, or assets in California, and that it neither solicits nor issues policies in California. (See Carlton Decl. at 2.) Further, the uncontroverted allegations in the complaint, which, for purposes of the instant motion, are "taken as true," see Dole, 303 F.3d at 1108, are that the Litwacks applied for and obtained the subject insurance policies in New York and that, at that time, it was contemplated that the services thereunder were to be performed in New York. (See Notice of Removal, Ex. A at ¶¶ 6, 8.) Such circumstances do not demonstrate American "purposefully avail[ed]" itself of the privilege of conducting activities within the forum State." See Burger King Corp. v. Rudzewicz, 471 U.S. 462 , 475 (1985) (holding "contacts meeting "purposeful availment requirement" must "result from the actions by the defendant himself" and not "the unilateral activity of another party" (internal quotations and citations omitted; emphasis in original)).

Accordingly, American's motion is hereby GRANTED and the above-titled action is hereby DISMISSED for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: July 27, 2011

MAXINE M. CHESNEY
United States District Judge